# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    Case No. 17-cr-107 (DWF/TNL)

                Plaintiff,

v.                                                    **ORDER**

MICHAEL MORRIS (1),
PAWINEE UNPRADIT (4),
GREGORY ALLEN KIMMY (6),
THOUCHARIN RUTTANAMONGKONGUL (16),
and
WARALEE WANLESS (20),

                Defendants.

---

Laura M. Provinzino and Melinda A. Williams, Assistant United States Attorneys, United States Attorney's Office for the District of Minnesota, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government);

Robert D. Sicoli, Sicoli Law, Ltd., 333 South Seventh Street, Suite 2350, Minneapolis MN 55402 (for Defendant Michael Morris);

Daniel L. Gerdts, 247 Third Avenue South, Minneapolis MN 55415 (for Defendant Pawinee Unpradit);

Jean M. Brandl, Brandl Law, LLC, 310 Fourth Avenue South, Suite 5010, Minneapolis MN 55415 (for Defendant Gregory Allen Kimmy);

Daniel C. Guerrero, Meshbesher & Spence, Ltd., 1616 Park Avenue South, Minneapolis MN 55404 (for Defendant Thoucharin Ruttanamongkongul); and

Bruce M. Rivers, Rivers Law Firm, P.A., 701 Fourth Avenue South, Suite 300, Minneapolis MN 55415 (for Defendant Waralee Wanless).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, (ECF No. 247);

2. Defendant Morris's Motion for Bill of Particulars, (ECF No. 461);

3. Defendant Morris's Motion for Disclosure of Brady and Giglio Material, (ECF No. 463);

4. Defendant Morris's Motion for Disclosure of 404(b) Evidence, (ECF No. 464);

5. Defendant Morris's Motion for Early Disclosure of Jencks Act Material, (ECF No. 465);

6. Defendant Morris's Motion for Discovery of Expert Under Rule 16(a)(1)(G), (ECF No. 467);

7. Defendant Morris's Motion to Disclose and Make Informant Available to Interview, (ECF No. 468);

8. Defendant Morris's Motion for Government Agents to Retain Rough Notes and Evidence, (ECF No. 469);

9. Defendant Morris's Motion to Modify Protective Order, (ECF No. 589);

10. Defendant Unpradit's Motion for Disclosure of Co-Conspirator Statements and a Hearing to Rule on Their Admissibility at Trial, (ECF No. 613);

11. Defendant Unpradit's Motion for Immediate Production of All Discovery Required by Federal Rules of Criminal Procedure 12, 16, and 26, (ECF No. 614);

12. Defendant Unpradit's Motion for Early Disclosure of All Rule 1006 Charts and the Records they Purport to Summarize, (ECF No. 615);

13. Defendant Unpradit's Motion for the Production of Informants for the Purpose of Conducting Pretrial Interviews, (ECF No. 617);

14. Defendant Unpradit's Motion for an Order to Preserve All Handwritten and Tape Recorded Notes of Interviews, Debriefings, or Surveillances, (ECF No. 618);

15. Defendant Unpradit's Motion for Early Disclosure of Witness Statements, (ECF No. 622);

16. Defendant Unpradit's Motion for Immediate Disclosure of Statements of Witnesses the Government Does Not Intend to Call at Trial, (ECF No. 624);

17. Defendant Unpradit's Motion to Strike the Protective Order, (ECF No. 626);

18. Defendant Kimmy's Pretrial Motion for Disclosure of Brady Materials, (ECF No. 438);

19. Defendant Kimmy's Pretrial Motion for Discovery, (ECF No. 439);

20. Defendant Kimmy's Pretrial Motion for Retention of Rough Notes, (ECF No. 440);

21. Defendant Kimmy's Pretrial Motion for Disclosure of Rule 404(b) Evidence, (ECF No. 441);

22. Defendant Kimmy's Pretrial Motion for Early Disclosure of Jencks Act Materials, (ECF No. 442);

23. Defendant Kimmy's Motion for a Bill of Particulars, (ECF No. 503);

24. Defendant Kimmy's Motion for Suppression of Evidence and Statements, (ECF No. 504);

25. Defendant Ruttanamongkongul's Motion for Counsel's Participation in Voir Dire, (ECF No. 599);

26. Defendant Ruttanamongkongul's Motion for Disclosure of Impeaching Information, (ECF No. 600);

27. Defendant Ruttanamongkongul's Motion for Disclosure of Post Conspiracy Statements of Co-Defendants, (ECF No. 601);

28. Defendant Ruttanamongkongul's Motion for Early Disclosure of Jencks Act Material, (ECF No. 603);

29. Defendant Ruttanamongkongul's Motion for Discovery of Expert Under Rule 16(A)(1)(G), (ECF No. 604);

30. Defendant Ruttanamongkongul's Pretrial Motion for Pretrial Disclosure of Rule 404(b) Evidence, (ECF No. 605);

31. Defendant Ruttanamongkongul's Motion for Disclosure of Intention to Introduce Evidence of Other Crimes, Wrongs, or Acts of Defendant, (ECF No. 606);

32. Defendant Ruttanamongkongul's Motion for Disclosure of Government Witnesses, (ECF No. 607);

33. Defendant Ruttanamongkongul's Motion to Retain and Not Destroy Notes, Photographs, Memoranda, and/or Other Items Relating to this Case, (ECF No. 608);

34. Defendant Ruttanamongkongul's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 609);

35. Defendant Ruttanamongkongul's Motion for Leave to Adopt Motions Filed by Co-Defendants, (ECF No. 610);

36. Defendant Wanless's Rule 16 Request for Pretrial Discovery, (ECF No. 230);

37. Defendant Wanless's Motion for Disclosure of Rule 404 Evidence, (ECF No. 591);

38. Defendant Wanless's Motion for Early Disclosure of Jencks Act Material, (ECF No. 592);

39. Defendant Wanless's Motion for Participation in Voir Dire, (ECF No. 593);

40. Defendant Wanless's Motion for Disclosure of the Identity of All Participant-Witnesses, (ECF No. 594);

41. Defendant Wanless's Motion for Pretrial Notice of Government's Intent to Use Evidence, (ECF No. 595);

42. Defendant Wanless's Motion to Compel Government to Provide Defendant with Exhibit and Witness List Prior to Trial, (ECF No. 596);

43. Defendant Wanless's Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency, or Preferred Treatment, (ECF No. 597); and

44. Defendant Wanless's Motion for Bill of Particulars, (ECF No. 598).

A hearing was held on March 8, 2018. (ECF No. 708). With respect to the motions addressed herein, the Court heard argument from the parties' respective counsel. Given the overlapping nature of many of these motions and to ensure that the Government and Defendants[1] in this litigation are proceeding in a consistent manner, this Court finds it prudent to address the pending motions in a single order. Based upon the record, memoranda, oral arguments of counsel, and agreements on certain matters as outlined at the hearing, **IT IS HEREBY ORDERED** as follows:

1.  The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, (ECF No. 247), is **GRANTED** as follows: The Government moves for discovery under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2. None of the Defendants has asserted any objection to the Government's motion and the Government avers in its motion that it has conferred with Defendants who voiced no objections. Accordingly, Defendants[2] shall comply with their obligations under Rules 12.1, 12.2, 12.3, 16(b), and 26.2.

2.  Defendant Unpradit's Motion for Immediate Production of All Discovery Required by Federal Rules of Criminal Procedure 12, 16, and 26, (ECF No. 614),

---

[1] When the Court refers to "Defendants" in this Order, "Defendants" are those defendants named in the case caption above who brought motions requiring disposition. This Order does not apply to the remaining co-defendants who did not bring motions, either due to their already entering a guilty plea, ongoing plea negotiations, nonpresence in this District pending extradition, or separate timelines.

[2] The Court notes that this motion remains pending as to Defendant Saowapha Thinram (5) and Defendant Bhunna Win (11), who were both excused from the motions hearing due to plea negotiations with the Government. (ECF Nos. 672–75). The Court will be contacting the Government and these defendants to inquire as to the status of those negotiations for purposes of the remaining motions.

Defendant Kimmy's Pretrial Motion for Discovery, (ECF No. 439), and Defendant Wanless's Rule 16 Request for Pretrial Discovery, (ECF No. 230), are **GRANTED IN PART AND DENIED IN PART** as follows: Defendant Unpradit requests the Government's "immediate" disclosure of evidence pursuant to Rules 12(b)(3)(E), 12(h), 16, and 26.2. As noted by Defendant Unpradit, the Government does not oppose her motion. At the hearing, Defendant Unpradit expressed concern that she had received documents in response to her suppression motion that were not previously disclosed by the Government. Accordingly, the Government shall comply with its discovery obligations under Rules 12, 16, and 26.2. Moreover, while the Court understands the Government's representations that it has already provided voluminous discovery in this case, the Court is concerned that a defendant received new discovery only in response to a motion to suppress. As such, the Government shall ensure the prompt provision of full and complete discovery disclosures. With respect to expert witness reports, the Government shall comply with Rule 16(a)(1)(G) no later than 14 days before trial, but shall make reasonable efforts to comply earlier to avoid any delays in this long-running, multi-defendant proceeding. To the extent that Defendants' motions seek discovery and disclosures outside the Government's obligations under these authorities or not ruled on elsewhere in this Order, they are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citation omitted).

3. Defendant Morris's Motion for Discovery of Expert Under Rule 16(a)(1)(G), (ECF No. 467), and Defendant Ruttanamongkongul's Motion for Discovery of Expert Under Rule 16(A)(1)(G), (ECF No. 604), are **GRANTED** as follows: Defendants Morris and Ruttanamongkongul move pursuant to Rule 16(a)(1)(G) for a written summary of any expert testimony the Government intends to offer at trial, including a summary of the expert's opinions and qualifications. Through its briefing and at the hearing, the Government suggested a 14-day deadline for expert disclosures, with which Defendants agreed. Accordingly, the Government shall comply with Rule 16(a)(1)(G) no later than 14 days before trial, but shall make reasonable efforts to comply earlier to avoid any delays in this long-running, multi-defendant proceeding.

4. Defendant Morris's Motion for Disclosure of Brady and Giglio Material, (ECF No. 463), Defendant Kimmy's Pretrial Motion for Disclosure of Brady Materials, (ECF No. 438), Defendant Ruttanamongkongul's Motion for Disclosure of Impeaching Information, (ECF No. 600), Defendant Ruttanamongkongul's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 609), Defendant Wanless's Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency, or Preferred Treatment, (ECF No. 597), and Defendant Unpradit's Motion for Immediate Disclosure of Statements of Witnesses the Government Does Not Intend to Call at Trial, (ECF No. 624), are **GRANTED IN PART AND DENIED IN PART** as follows: Defendants seek evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their

progeny, including statements or evidence exculpating the defendant, contradictory witness statements, prior convictions or other prior bad acts of prospective witnesses, consideration or promises provided to witnesses, threats directed against witnesses, any prior witness testimony, impeachment information of witnesses, and governmental files on witnesses. The Government indicates it has complied with its obligations under these authorities and will continue to comply. Accordingly, the Government shall comply with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence. To the extent that Defendants' motions seek discovery and disclosures outside the Government's obligations under these authorities, they are denied. *See Johnson*, 228 F.3d at 924.

5.    Defendant Morris's Motion for Disclosure of 404(b) Evidence, (ECF No. 464), Defendant Kimmy's Pretrial Motion for Disclosure of Rule 404(b) Evidence, (ECF No. 441), Defendant Ruttanamongkongul's Pretrial Motion for Pretrial Disclosure of Rule 404(b) Evidence, (ECF No. 605), Defendant Ruttanamongkongul's Motion for Disclosure of Intention to Introduce Evidence of Other Crimes, Wrongs, or Acts of Defendant, (ECF No. 606), and Defendant Wanless's Motion for Disclosure of Rule 404 Evidence, (ECF No. 591), are **GRANTED IN PART AND DENIED IN PART** as follows: Defendants seek evidence of any bad acts or other similar course of conduct evidence that the Government seeks to introduce at trial against them pursuant to Rule 404(b) of the Federal Rules of Evidence. At the hearing, all relevant parties agreed with the Government's offered 14-day deadline for disclosure. Finally, through its written

responses to Defendants' motions, the Government has agreed to disclose the witnesses through whom such evidence would be presented at trial.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (citations omitted). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (citation omitted). Therefore, the Government shall provide reasonable notice to the defendant of all extrinsic evidence then known to the Government that the Government intends to offer against that defendant within the purview of Fed. R. Evid. 404(b) and shall identify the witnesses through whom it will present any such evidence. This disclosure shall occur no later than 14 days prior to trial, but the Government shall make reasonable efforts to comply earlier to avoid any delays in this long-running, multi-defendant proceeding.

6. Defendant Morris's Motion for Early Disclosure of Jencks Act Material, (ECF No. 465), Defendant Unpradit's Motion for Early Disclosure of Witness Statements, (ECF No. 622), Defendant Kimmy's Pretrial Motion for Early Disclosure of Jencks Act

Materials, (ECF No. 442), Defendant Ruttanamongkongul's Motion for Early Disclosure of Jencks Act Material, (ECF No. 603), and Defendant Wanless's Motion for Early Disclosure of Jencks Act Material, (ECF No. 592), are **DENIED** as follows: Defendants request early disclosure of Jencks Act materials so as to prevent delays in trial where it is expected the Government will have many witnesses in this multi-defendant proceeding involving alleged international sex trafficking organizations. "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Douglas*, 964 F.2d at 741 n. 2. The Government has not agreed to early disclosure of Jencks Act material in this case, but at the hearing indicated it was in the process of negotiating with Defendants for early disclosure of said materials. While the Court expects the Government to provide materials sufficiently in advance so as to prevent delays in trial in this long-running, multi-defendant proceeding, the Court will not order their disclosure at this time. Therefore, Defendants' motions are denied. This ruling, however, does not permit the Government to withhold disclosure of materials encompassed by the Jencks Act which need be disclosed pursuant to other authorities, including *Brady*, *Giglio*, and their progeny.

7.  Defendant Morris's Motion for Government Agents to Retain Rough Notes and Evidence, (ECF No. 469), Defendant Kimmy's Pretrial Motion for Retention of Rough Notes, (ECF No. 440), Defendant Unpradit's Motion for an Order to Preserve All Handwritten and Tape Recorded Notes of Interviews, Debriefings, or Surveillances, (ECF No. 618), and Defendant Ruttanamongkongul's Motion to Retain and Not Destroy Notes, Photographs, Memoranda, and/or Other Items Relating to this Case, (ECF No. 608), are **GRANTED IN PART AND DENIED IN PART** as follows: Defendants request that the Government be ordered to direct its agents and confidential informants to retain and preserve all rough notes relating to this criminal proceeding and its underlying investigation. Defendant Kimmy requests production of those rough notes. The Government does not object to the retention of rough notes. Accordingly, the Government shall direct its agents involved in this case, including any confidential informants, to preserve and retain any rough notes pertaining to this case. To the extent Defendants seek disclosure of the rough notes and those rough notes are not discoverable pursuant to other means, such as Rule 16, *Brady*, or some other authority, the request is denied. *See Johnson*, 228 F.3d at 924.

8.  Defendant Unpradit's Motion for Disclosure of Co-Conspirator Statements and a Hearing to Rule on Their Admissibility at Trial, (ECF No. 613), is **DENIED WITHOUT PREJUDICE** as follows: Defendant moves for an order compelling the Government to identify any out-of-court co-conspirator statement it intends to offer at trial pursuant to Federal Rule of Evidence 801(d)(2)(E) and for a pre-trial hearing on said statement's

admissibility. The Government asserts that because the contours of the trial are unknown at this time, including which witnesses will be testifying and which defendants will proceed to trial, Defendant's motion is premature. This Court agrees. The trial judge will preside over any evidentiary determinations made pursuant to the Rules of Evidence, including whether a co-conspirator's statement falls within the definition of Rule 801(d)(2)(E). *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule."); *see also United States v. Reda*, 765 F.2d 715, 722 (8th Cir. 1985) (noting that the Eighth Circuit has "made clear that the choice of the procedure to be followed was within the discretion of the district court"). As such, it is within the purview of the trial judge to determine the procedures under which evidentiary determinations pursuant to Rule 801(d)(2)(E) will be made, such as at trial or a pre-trial conference. Accordingly, this motion is denied without prejudice as premature.

9. Defendant Ruttanamongkongul's Motion for Disclosure of Post Conspiracy Statements of Co-Defendants, (ECF No. 601), is **DENIED** as follows: Defendant, citing *Bruton v. United States*, 391 U.S. 123 (1968), seeks disclosure of statements of any co-defendant or un-indicted co-conspirator the Government intends to introduce at trial.

Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy. It covers oral statements made by a defendant 'in response to interrogation by any person then known to the defendant to

be a government agent.'" *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093–94 (8th Cir. 1984)). Rule 16 "stresses that only 'statements made by the defendant' are discoverable." *United States v. Manthei*, 979 F.2d 124, at 126 (8th Cir. 1992). Therefore, the Court denies the motion insofar as it requests pretrial disclosure of statements or confessions of any co-defendant or unindicted co-conspirator pursuant to Rule 16.

Bruton held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137. "[C]o-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *Singh*, 494 F.3d at 658 (citing *Crawford v. Washington*, 541 U.S. 36, 51–54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that casual statements to an acquaintance, statements to a co-conspirator, and business records are not testimonial). To the extent any statements or confessions in this case implicate *Bruton* and its progeny, the Government indicates it will be required to "*Bruton*-ize" the statements where necessary. While *Bruton*-type concerns may be addressed via motions in limine—and this Court does not preclude any of the defendants from filing such motions before the trial judge— Defendant has thus far not shown she is entitled to the statements of her co-defendants or unindicted co-conspirators at this time. Moreover, Defendant Ruttanamongkongul is moving for *post*-conspiracy statements of her co-defendants, statements which may not even implicate *Bruton* as they would not be

made in furtherance of a conspiracy as the conspiracy would have already dissolved at that time. Accordingly, the motion is denied.

10. Defendant Unpradit's Motion for Early Disclosure of All Rule 1006 Charts and the Records they Purport to Summarize, (ECF No. 615), is **GRANTED IN PART AND DENIED IN PART** as follows: Defendant seeks disclosure and production of exhibits the Government intends to offer at trial pursuant to Federal Rule of Evidence 1006, as well as the records upon which those exhibits are purportedly based upon. At the hearing, the Government indicated it has not yet prepared any summaries or charts contemplated by Rule 1006, but anticipates it will. The Government requested a 14-day deadline before trial for production of said charts or summaries. Defendant asserts such pre-trial production is necessary to ensure the charts are accurate and not misleading. Accordingly, to the extent the Government intends to use any summaries or charts pursuant to Rule 1006, it shall produce such documents no later than 14 days before trial, but shall make reasonable efforts to comply earlier to avoid any delays in this long-running, multi-defendant proceeding.

11. Defendant Ruttanamongkongul's Motion for Counsel's Participation in Voir Dire, (ECF No. 599), and Defendant Wanless's Motion for Participation in Voir Dire, (ECF No. 593), are **DENIED WITHOUT PREJUDICE** as follows: Defendants seek permission to supplement the Court's voir dire examination. At the hearing, counsel agreed that these motions would be properly handled by the trial judge. This Court

agrees. The trial judge will determine the procedures under which the trial shall proceed in this matter, including the process through which the jury is empaneled. Accordingly, these motions are denied without prejudice as premature.

12. Defendant Ruttanamongkongul's Motion for Disclosure of Government Witnesses, (ECF No. 607), Defendant Wanless's Motion to Compel Government to Provide Defendant with Exhibit and Witness List Prior to Trial, (ECF No. 596), and Defendant Wanless's Motion for Pretrial Notice of Government's Intent to Use Evidence, (ECF No. 595), are **DENIED WITHOUT PREJUDICE** as follows: Defendant Ruttanamongkongul moves the Government to produce a witness list "well in advance of trial." Defendant Wanless requests the Government produce a witness and exhibit list at least 30 days prior to trial. Defendant Wanless also requests, pursuant to Rule 12(b)(4)(B), notice from the Government of the evidence it intends to use at trial. This Court finds these motions premature. The trial judge will determine the procedures under which trial will proceed in this manner, including the deadlines for production of witness and evidence lists. Moreover, a "federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Altman*, 507 F.3d 678, 680 (8th Cir. 2007) (citation omitted); *accord United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("[T]he identity of witnesses is information the government is not normally required to supply to the criminal defendant.") (quotation and citation omitted); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses

prior to trial.") (citations omitted). Accordingly, these motions are denied without prejudice as premature.

13. Defendant Kimmy's Motion for a Bill of Particulars, (ECF No. 503), and Defendant Wanless's Motion for Bill of Particulars, (ECF No. 598), are **DENIED** as follows: Pursuant to Rule 7(f) and the Fifth and Sixth Amendments, Defendants Kimmy and Wanless each move for a bill of particulars. With respect to Counts 1, 3, and 4, Defendant Kimmy seeks the identity of his co-conspirators, the evidence the Government intends to introduce at trial, and the manner and means of his involvement in the conspiracy. Defendant Kimmy asserts that "[n]one of the overt acts set forth in the [Second Superseding Indictment] apply to [him] and there is no link between any of his actions and those of his alleged co-conspirators." (ECF No. 503, at 4). Defendant Wanless seeks the specific laws which the Government asserts her conduct violated, the exact dates, times, and specific place on which each specific offense occurred, the specific acts, conduct, methods, or means by which the crime is alleged to have been committed, and the name and date of birth of the alleged victims. In the Second Superseding Indictment, (ECF No. 314), Defendants Kimmy and Wanless are charged with the same offenses, so the Court groups their motions together for consideration.

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (citing Fed. R. Crim. P. 7(f)). "A bill of particulars is not to be used for discovery purposes." *United States v. Hill*¸ 589 F.2d

1344, 1352 (8th Cir. 1979); *accord United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *Livingstone*, 576 F.3d at 883 (internal quotation marks omitted). "The district court, in its discretion, may order the government to provide requested additional detail where the particulars set out in the indictment fail sufficiently to apprise the defendant of the charges to enable him to prepare a defense." *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986).

The Second Superseding Indictment contains a lengthy introductory section which provides an overview of the alleged sex trafficking organization and its participants. (Second Superseding Indictment ¶¶ 1–5). Generally, the alleged sex trafficking organization "trafficked women from Thailand to cities across the United States, where the women were forced to engage in countless commercial sex acts for the financial benefit of the criminal enterprise. The women did not have freedom of movement and, until they paid off their bondage debts, were modern day sex slaves." (Second Superseding Indictment ¶ 1). The Second Superseding Indictment then goes on the describe defendants and their roles within the organization. (Second Superseding Indictment ¶¶ 5). Defendant Wanless is alleged to have served as a trafficker, the person "to whom the victims of sex trafficking owed some or all of their bondage debts." (Second Superseding Indictment ¶ 5(a)). Specifically, it is alleged Defendant Wanless purchased the bondage debt of victims from traffickers in Thailand. (Second Superseding Indictment ¶ 5(a)). Defendant Kimmy and Defendant Wanless are each alleged to have

served as "house bosses" who owned one or more houses of prostitution in apartments, hotels, houses, or massage parlors. (Second Superseding Indictment ¶ 5(b)). It is alleged Kimmy and Wanless ran the day-to-day operations at the houses of prostitution, including advertising the trafficking victims for commercial sex acts, procuring and maintaining the houses of prostitution, scheduling sex buyers, and ensuring that a portion of the money earned by victims was routed back to the trafficker to pay down the bondage debts. (Second Superseding Indictment ¶ 5(b)). It is also alleged the "house bosses" coordinated to facilitate the travel of victims between different houses of prostitution located within the United States, adding the costs of this travel to the victims' bondage debts. (Second Superseding Indictment ¶ 5(b)). House bosses retained a significant portion of the money received by the trafficking victims. (Second Superseding Indictment ¶ 5(b)). Other individuals acted as money launderers for the organization, (Second Superseding Indictment ¶ 5(c)), while others acted as "facilitators" who rented houses, aided in the transport of trafficking victims, entered into fraudulent marriages to gain immigration status for high-level members of the organization, and assisted with money laundering activities, (Second Superseding Indictment ¶ 5(d)).

In Count 1 of the Second Superseding Indictment, all defendants, including Defendants Kimmy and Wanless, are charged with conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594. (Second Superseding Indictment ¶¶ 6–20). It is alleged, from January 2009 through May 2017, defendants conspired with one another and others to

recruit, entice, harbor, transport, provide, obtain, and maintain, by any means, a person, and benefited, financially and by receiving anything of value, from participation in a venture which engaged in the previously described acts, and knowing that means of force, threats of force, fraud, coercion, and any combination of such means would be used to cause the person to engage in a commercial sex act, and attempted to do so . . .

(Second Superseding Indictment ¶ 7). Count 1 then explains that the purpose of the conspiracy was to make money by arranging for women to travel from Thailand to the United States to engage in commercial sex acts for the benefit of the criminal organization. (Second Superseding Indictment ¶ 8). Count 1 details the manner and means of the conspiracy, including the recruitment of women in Thailand, the force, threats of force, fraud, and coercion used in the United States, and the money laundering activities of the organization. (Second Superseding Indictment ¶¶ 8–20).

Count 2, while not charging Defendants Kimmy and Wanless, charges two co-defendants with sex trafficking by use of force, threats of force, fraud, and coercion in violation of 18 U.S.C. § 1591. (Second Superseding Indictment ¶¶ 21–22).

Count 3 charges Defendants Kimmy and Wanless, as well as many of their co-defendants, with conspiracy to commit transportation to engage in prostitution in violation of 18 U.S.C. § 371. (Second Superseding Indictment ¶¶ 23–30). Count 3 also asserts defendants conspired with one another and others to knowingly transport an individual in interstate and foreign commerce with intent that such individual engage in prostitution and in any sexual activity for which any person can be charged with a criminal offense. (Second Superseding Indictment ¶ 24). As with the conspiracy in Count 1, Count 3 details the purpose of the conspiracy and the manner and means of the

conspiracy. (Second Superseding Indictment ¶¶ 25–26). Count 3 then details overt acts relating to Victims A, B, and C. (Second Superseding Indictment ¶¶ 27–29). Victim A was transported from Bangkok, Thailand to the United States in or about June 2009, where she was then advertised for and engaged in prostitution activities at the direction of and for the benefit of the trafficking organization. (Second Superseding Indictment ¶ 27). On or about October 3, 2014, Victim A was transported by the organization from Chicago, Illinois to Minneapolis, Minnesota where she was advertised for and engaged in prostitution activities at the direction of and for the benefit of the organization. (Second Superseding Indictment ¶ 27). Victim B was transported from Bangkok, Thailand to the United States in or about August 2014, where she was then advertised for and engaged in prostitution activities at the direction of and for the benefit of the trafficking organization. (Second Superseding Indictment ¶ 28). On or about October 31, 2014, Victim B was transported by the organization from Phoenix, Arizona to Minneapolis, Minnesota where she was advertised for and engaged in prostitution activities at the direction of and for the benefit of the organization. (Second Superseding Indictment ¶ 28). Victim C was transported from Bangkok, Thailand to the United States in or about July 2013, where she was then advertised for and engaged in prostitution activities at the direction of and for the benefit of the trafficking organization. (Second Superseding Indictment ¶ 29). On or about October 24, 2014, Victim C was transported by the organization from Las Vegas, Nevada to Minneapolis, Minnesota where she was advertised for and engaged in prostitution activities at the direction of and for the benefit of the organization. (Second Superseding Indictment ¶ 29).

Count 4 charges Defendants Kimmy and Wanless, as well as many of their co-defendants, with conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956. (Second Superseding Indictment ¶¶ 31–33). Specifically, defendants are charged with knowing that property involved in a financial transaction represented the proceeds of unlawful activity—transportation for prostitution and sex trafficking, knowingly conducting and attempting to conduct such a financial transaction, and knowing that the transaction was designed in whole or part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the unlawful activity to avoid a transaction reporting requirement. (Second Superseding Indictment ¶ 32(a)). Moreover, Count 4 asserts defendants knowingly transported, transmitted, and transferred monetary instruments and funds from the United States to and through a place outside the United States, and vice versa, with the intent to promote the carrying on of an unlawful activity while knowing that the monetary instrument and funds represented the proceeds of some form of unlawful activity and that such transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of unlawful activity. (Second Superseding Indictment ¶ 32(b)). Finally, Count 4 asserts defendants engaged in a monetary transaction in criminally derived property of value greater than $10,000 and derived from unlawful activity. (Second Superseding Indictment ¶ 32(c)).

Count 5 charges Defendants Kimmy and Wanless, among other co-defendants, with conspiracy to use a communication facility to promote prostitution in violation of 18 U.S.C. § 371. (Second Superseding Indictment ¶¶ 34–41). Count 5 asserts defendants

conspired with one another and others to knowingly use a facility in interstate and foreign commerce, specifically computers and cellular telephones, with intent to promote, manage, establish, and carry on acts to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely transportation for prostitution. (Second Superseding Indictment ¶ 35). As with Counts 1 and 3, Count 5 details the purpose of the conspiracy and the manner and means of the conspiracy. (Second Superseding Indictment ¶¶ 36–37). Count 5 then details three overt acts of the conspiracy relating to Victims A, B, and C. (Second Superseding Indictment ¶¶ 38–40). On or about October 5, 2014, the organization posted an internet ad that contained escort-style photos of Victim A, advertising Victim A for commercial sex activities in Bloomington, Minnesota. (Second Superseding Indictment ¶ 38). On or about November 2, 2014, the organization posted an internet ad advertising Victim B for commercial sex activities in Bloomington, Minnesota. (Second Superseding Indictment ¶ 39). On or about January 9, 2014, the organization posted an internet ad that contained escort-style photos of Victim C, advertising Victim C for commercial sex activities in Bloomington, Minnesota. (Second Superseding Indictment ¶ 40).

Counts 6, 7, and 8 do not charge Defendants Kimmy and Wanless, but detail charges of unlicensed money transmitting businesses in violation of 18 U.S.C. § 1960. (Second Superseding Indictment ¶¶ 42–50).

Finally, the Second Superseding Indictment contains forfeiture allegations against all defendants. (Second Superseding Indictment ¶¶ 51–55).

Defendant Kimmy seeks the identity of his co-conspirators. The Second Superseding Indictment lays out this information: Defendant Kimmy's co-conspirators are his co-defendants. To the extent Defendant Kimmy seeks co-conspirator witnesses or the evidence the Government intends to introduce at trial, "a Bill of Particulars is not intended to be a substitute for discovery, nor is it designed to provide information which the Defendant might regard as generally helpful, but which is not essential to his defense." *United States v. Finn*, 919 F. Supp. 1305, 1325 (D. Minn. 1995) (citing *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993)). This Court has already addressed herein discovery motions filed by Defendant Kimmy and his co-defendants and a motion for a bill of particulars is not the proper vehicle for further discovery requests.

Moreover, the Second Superseding Indictment explains the manner and means of Defendant Kimmy's involvement in the conspiracy as a "house boss," running the day-to-day operations at the houses of prostitution, including advertising the trafficking victims for commercial sex acts, procuring and maintaining the houses of prostitution, scheduling sex buyers, ensuring that a portion of the money earned by victims was routed back to the trafficker to pay down the bondage debts, and coordinating to facilitate the travel of victims between different houses of prostitution located within the United States, adding the costs of this travel to the victims' bondage debts. In turn, Defendant Kimmy retained a significant portion of the money received by the trafficking victims through their prostitution activities. For these acts as a house boss and his role as a member in the organization overall, Defendant Kimmy is charged in Count 1 with conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594, in Count 3 with

conspiracy to commit transportation to engage in prostitution in violation of 18 U.S.C. § 371, in Count 4 with conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956, and in Count 5 with conspiracy to use a communication facility to promote prostitution in violation of 18 U.S.C. § 371. The offenses Defendant Kimmy is charged with, buttressed by the remaining charges in the Second Superseding Indictment against other members of the conspiracy, inform Defendant Kimmy of the nature of the charges with sufficient precision to enable him to prepare for trial and avoid or minimize the danger of surprise at trial. After careful consideration, the Court determines that Defendant Kimmy's requests for a bill of particulars should be denied. The information set forth in the Second Superseding Indictment, combined with the discovery already provided, is "more than sufficient to enable [Defendant Kimmy] to understand the nature of the charges, prepare a defense, and avoid unfair surprise." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (citing *Livingstone*, 576 F.3d at 883) (citing *Livingstone*, 576 F.3d at 883).

The same analysis applies to the motion brought by Defendant Wanless. The Second Superseding Indictment sets forth the specific laws the United States alleges she violated: Count 1 charges conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594; Count 3 charges conspiracy to commit transportation to engage in prostitution in violation of 18 U.S.C. § 371; Count 4 charges conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956; and Count 5 charges conspiracy to use a communication facility to promote prostitution in violation of 18 U.S.C. § 371. These charges detail the acts, methods, or means by which Defendant Wanless or her co-conspirators allegedly

committed the charged crimes. The Second Superseding Indictment asserts Defendant Wanless participated in a conspiracy that spanned from January 2009 through May 2017. The Second Superseding Indictment asserts that houses of prostitution were located across the United States, including Minneapolis, Los Angeles, Chicago, Atlanta, Phoenix, Washington D.C., Las Vegas, Houston, Dallas, Seattle, and Austin, and that women were transported to the United States from Thailand. Thus, the Second Superseding Indictment already provides the information Defendant Wanless seeks. As such, this Court concludes that the charged offenses, buttressed by the remaining charges in the Second Superseding Indictment, inform Defendant Wanless of the nature of the charges with sufficient precision to enable her to prepare for trial and avoid or minimize the danger of surprise at trial. After careful consideration, the Court determines that Defendant Wanless's requests for a bill of particulars should be denied. The information set forth in the Second Superseding Indictment, combined with the discovery already provided, is "more than sufficient to enable [Defendant Wanless] to understand the nature of the charges, prepare a defense, and avoid unfair surprise." *Huggans*, 650 F.3d at 1220 (citing *Livingstone*, 576 F.3d at 883) (citing *Livingstone*, 576 F.3d at 883). Finally, to the extent Defendant Wanless seeks the identities of Victims A, B, and C in the Second Superseding Indictment, that request is granted because the Government has already provided that information to Defendant Morris. *See* ¶ 14, *infra*.

14. Defendant Morris's Motion for Bill of Particulars, (ECF No. 461), is **DENIED AS MOOT** as follows: Defendant Morris moved for a bill of particulars setting forth the

names of Victim A, Victim B, and Victim C as listed in Counts 2 and 3 of the Second Superseding Indictment. The Government has since provided this information to Defendant Morris and, at the hearing, the parties agreed this motion was moot. Accordingly, the motion is denied as moot.

15. Defendant Kimmy's Motion for Suppression of Evidence and Statements, (ECF No. 504), is **DENIED AS MOOT**. Defendant Kimmy originally moved to suppress any physical evidence or statements obtained as a result of a search of his vehicle on December 14, 2016 in Austin, Texas, including a cell phone, arguing the search and seizure violated his constitutional rights. The Government has represented to the Court that it does not intend to introduce the cell phone or its contents in its case-in-chief at trial, and thus asserts the motion is rendered moot. Accordingly, Defendant's motion is denied as moot given the Government's representations that it does not intend to introduce evidence from the December 14, 2016 search and seizure in its case-in-chief.

16. Defendant Morris's Motion to Disclose and Make Informant Available to Interview, (ECF No. 468), Defendant Unpradit's Motion for the Production of Informants for the Purpose of Conducting Pretrial Interviews, (ECF No. 617), and Defendant Wanless's Motion for Disclosure of the Identity of All Participant-Witnesses, (ECF No. 594), are **NOT RULED UPON AT THIS TIME** as follows: Defendants seek the identity of participant-informants, asserting these participant-informants are relevant to their defense of the charges and will likely be material witnesses. Initially, through its

briefing and at the hearing, the Government opposed these motions by asserting the informant privilege. *See Roviaro v. United States*, 353 U.S. 53 (1957). In its post-hearing brief, however, the Government requests time to "make certain records related to confidential informants available to the defense" then further discuss issues related to confidential informants. The Court will permit the parties additional time to discuss this matter, but it will not accept further briefing on this matter as the Government requests given that the parties have had ample opportunity to argue whether the identity of the confidential informants should be disclosed. If the parties do not resolve these motions before June 15, 2018, the Court will issue an order resolving these motions.

17. Defendant Morris's Motion to Modify Protective Order, (ECF No. 589), Defendant Unpradit's Motion to Strike the Protective Order, (ECF No. 626), and Defendant Ruttanamongkongul's Motion for Leave to Adopt Motions Filed by Co-Defendants, (ECF No. 610),[3] are **NOT RULED UPON AT THIS TIME** as follows: This Court issued a Protective Order on June 6, 2017. (ECF No. 88). Defendants assert that the provisions of the Protective Order infringe on their rights to prepare a defense and impair the ability of defense counsel to discuss defenses with their clients. Moreover, Defendants assert that the Government has unilaterally modified the Protective Order by selectively abiding by its terms, despite being the party that initially requested the

---

[3] At the hearing, Defendant Ruttanamongkongkul sought to join the motions Defendant Morris and Defendant Unpradit made concerning the Protective Order. Accordingly, the Court interprets Defendant Ruttanamongkongul's Motion for Leave to Adopt Motions Filed by Co-Defendants, (ECF No. 610), as a motion to modify or strike the protective order.

Protective Order. The Court is inclined to agree that the Protective Order needs modification at this time. At the hearing, the Government asserted it would be coordinating with defense counsel to propose a modified protective order, including Defendant Morris's counsel's proposed modification which would allow defense counsel to share the names, nicknames, and photographs of non-parties with his client. No such coordination appears to have occurred since the hearing date. Like with the previous motions, the Court will permit the parties additional time to discuss this matter. If the parties do not propose a modified protective order before June 15, 2018, the Court will issue an order resolving these motions.

18.  All prior consistent orders remain in full force and effect.

19.  Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: May 14, 2018                          *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota

                                            *United States v. Morris, et al.*
                                            Case No. 17-cr-107 (DWF/TNL)