**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,                  Criminal No. 17-107(1) (DWF/TNL)

           Plaintiff,

v.                                           **ORDER ADOPTING REPORT
                                                      AND RECOMMENDATION**

Michael Morris,
a/k/a Bill,

           Defendant.

This matter is before the Court upon Defendant Michael Morris's ("Defendant") objections (Doc. No. 811) to Magistrate Judge Tony N. Leung's May 14, 2018 Report and Recommendation (Doc. No. 799) insofar as it recommends that Defendant's Motion to Suppress Evidence Obtained as a Result of Searches and Seizures be denied. The Government filed a response to Defendant's objections on June 11, 2018. (Doc. No. 819.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

In the Report and Recommendation, Magistrate Judge Leung concluded that, under the totality of the circumstances, the affidavit supporting the search warrant for Defendant's residence presented "sufficient facts to lead a prudent person to believe there

was a fair probability that evidence of a crime would be found at [Defendant's] residence." (Doc. No. 799 at 10.) Magistrate Judge Leung also concluded that the information in the affidavit was not stale, instead finding that the information in the affidavit "provided a cross-section of evidence from throughout the alleged nearly decade-long conspiracy that, under the totality of the circumstances, established probable cause at the time of the search." (*Id.* at 12-13.) Accordingly, Magistrate Judge Leung concluded that the warrant at issue was supported by probable cause and recommended that Defendant's motion to suppress be denied.

Defendant objects to the Magistrate Judge's Report and Recommendation, arguing that the search warrant contained only stale information and did not establish a sufficient nexus between the criminal activity and Defendant's residence. (Doc. No. 811 at 2-3.) Specifically, Defendant argues that the warrant lacked information that was sufficiently close in time to support the search because (1) the witnesses who identified Defendant as a prostitution house boss did not provide a time period for Defendant's alleged criminal activity; (2) the cited e-mail allegedly indicating criminal activity was nearly six years old; and (3) allegations that cash deposits spanning three years were consistent with sex trafficking were conclusory. (*Id.*) Defendant further argues that the search warrant affidavit lacked any allegation that "Defendant used his residence to conduct the business of the alleged sex-trafficking organization." (*Id.* at 3.) Defendant contends that "[t]here is no nexus between [D]efendant's residence and the alleged crime," and that consequently, "there is no probable cause to support the search warrant." (*Id.* at 3-4.)

2

The Court disagrees. The Court concludes, as did the Magistrate Judge, that the information provided by Homeland Security Investigations Special Agent Anthony E. Negrelli ("SA Negrelli") in the search warrant affidavit was sufficient to support a finding of probable cause. In his affidavit, SA Negrelli thoroughly detailed the alleged ongoing conspiracy to traffic women from Thailand, indicating that the conspiracy was operating from 2009 to 2017. SA Negrelli provided information that the sex-trafficking organization was operational and that Defendant was part of that organization. Consequently, the information in the affidavit was not stale. *See United States v. Davis*, 867 F.3d 1021, 1028 (8th Cir. 2017) (holding information not stale where it indicated criminal activity was continuing in nature); *United States v. Ortiz-Cervantes*, 868 F.3d 695, 700 (8th Cir. 2017) (holding information not stale where it indicated ongoing conspiracy). The affidavit also provided a sufficient nexus between the crimes alleged and Defendant's residence. Specifically, SA Negrelli detailed Defendant's alleged "house boss" role in the sex-trafficking conspiracy and identified numerous categories of evidence that persons suspected of being "house bosses" may have in their residences. The information in the affidavit therefore established sufficient probable cause that evidence of a crime would be found at Defendant's residence. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Hudspeth*, 525 F.3d 667, 674 (8th Cir. 2008).

Based upon the *de novo* review of the record and all the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

3

**ORDER**

1.      Defendant Michael Morris's objections (Doc. No. [811]) to Magistrate Judge Tony N. Leung's May 14, 2018 Report and Recommendation are **OVERRULED**.

2.      Magistrate Judge Tony N. Leung's May 14, 2018 Report and Recommendation (Doc. No. [799]) is **ADOPTED**.

3.      Defendant Michael Morris's Motion to Suppress Evidence Obtained as a Result of Searches and Seizures (Doc. No. [590]) is **DENIED**.

Date:  July 11, 2018          s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge