# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,  Case No. 17-cr-107 (DWF/TNL)

  Plaintiff,

v.  **ORDER**

MICHAEL MORRIS (1),
PAWINEE UNPRADIT (4),
GREGORY ALLEN KIMMY (6),
THOUCHARIN RUTTANAMONGKONGUL (16),
and
WARALEE WANLESS (20),

  Defendants.

---

Laura M. Provinzino and Melinda A. Williams, Assistant United States Attorneys, United States Attorney's Office for the District of Minnesota, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government);

Robert D. Sicoli, Sicoli Law, Ltd., 333 South Seventh Street, Suite 2350, Minneapolis MN 55402 (for Defendant Michael Morris);

Daniel L. Gerdts, 247 Third Avenue South, Minneapolis MN 55415 (for Defendant Pawinee Unpradit);

Jean M. Brandl, Brandl Law, LLC, 310 Fourth Avenue South, Suite 5010, Minneapolis MN 55415 (for Defendant Gregory Allen Kimmy);

Daniel C. Guerrero, Meshbesher & Spence, Ltd., 1616 Park Avenue South, Minneapolis MN 55404 (for Defendant Thoucharin Ruttanamongkongul); and

Bruce M. Rivers, Rivers Law Firm, P.A., 701 Fourth Avenue South, Suite 300, Minneapolis MN 55415 (for Defendant Waralee Wanless).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, following a May 14, 2018 Order which ruled on the majority of pretrial motions filed in this case, but held several motions in abeyance to permit the parties additional time to reach a mutually-agreeable resolution prior to court intervention. (May 14, 2018 Order ¶¶ 16–17, at 27–29, ECF No. 801).[1] These motions fall into two categories: motions concerning the Government's confidential informants and motions concerning the protective order governing discovery this case. (*See* May 14, 2018 Order ¶¶ 16–17, at 27–29). As noted in the May 14, 2018 Order, the parties had until June 15, 2018 to attempt to work together to reach a mutually-agreeable resolution before this Court would issue an order resolving the motions. (May 14, 2018 Order ¶¶ 16–17, at 27–29). The parties have not filed anything in response to the Court's May 14, 2018 Order. Accordingly, this Order addresses the following motions: Defendant Morris's Motion to Disclose and Make Informant Available to Interview, (ECF No. 468); Defendant Unpradit's Motion for the Production of Informants for the Purpose of Conducting Pretrial Interviews, (ECF No. 617); Defendant Wanless's Motion for Disclosure of the Identity of All Participant-Witnesses, (ECF No. 594); Defendant Morris's Motion to Modify Protective Order, (ECF No. 589); Defendant Unpradit's Motion to Strike the Protective Order, (ECF No. 626); and Defendant Ruttanamongkongul's Motion for Leave to Adopt Motions Filed by Co-Defendants, (ECF No. 610).

---

[1] Also found at *United States v. Morris*, 2018 WL 2193109, at *1 (D. Minn. May 14, 2018).

As noted in the May 14, 2018 Order, a hearing was held on March 8, 2018 at which the Court heard argument from the parties' respective counsel on these motions. (ECF No. 708). The parties submitted post-hearing briefing. (ECF Nos. 754, 756, 771). Given the overlapping nature of these motions and to ensure that the Government and Defendants in this litigation are proceeding in a consistent manner, this Court finds it prudent to address the pending motions in a single order. Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. Defendant Morris's Motion to Modify Protective Order, (ECF No. 589), Defendant Unpradit's Motion to Strike the Protective Order, (ECF No. 626), and Defendant Ruttanamongkongul's Motion for Leave to Adopt Motions Filed by Co-Defendants, (ECF No. 610),[2] are **GRANTED IN PART and DENIED IN PART** as follows: The Court issued a Protective Order on June 6, 2017. (Protective Order, ECF No. 88). The Protective Order notes that discovery in this case includes "personal identifiers of a variety of individuals, including non-party victims and witnesses," such as "names, nicknames, dates of birth, social security numbers, driver's license numbers, bank account numbers, home addresses, visas, passports, and other immigration identifiers, and other personal information." (Protective Order, at 1–2). The discovery also includes "numerous escort-style photographs of nude and partially-nude women, including non-party victims."

---

[2] At the hearing, Defendant Ruttanamongkongul sought to join the motions Defendant Morris and Defendant Unpradit made concerning the Protective Order. Accordingly, the Court interprets Defendant Ruttanamongkongul's Motion for Leave to Adopt Motions Filed by Co-Defendants, (ECF No. 610), as a motion to modify or strike the protective order.

(Protective Order, at 2). The Court found that, in a "case where threats have been made to victims, including threats involving the families of victims located outside of the United States," the United States had shown good cause why dissemination should be limited. (Protective Order, at 2). Thus, the Protective Order limits the dissemination of "Protected Material," which is defined as names and nicknames of any non-party individuals, dates of birth, social security numbers, driver's license numbers, bank account numbers, home addresses, telephone numbers, photographs of individuals, visas, passports, and other immigration identifiers, family identifiers, and other similar personal identity information, as well as escort-style photographs. (Protective Order, at 2). Protected Materials were not to be copied or disseminated and were not to be shared to any party outside the "defense team" consisting of attorneys and their staff and agents. (Protective Order, at 2–3). Protected Materials were not to be shared with Defendants. (Protective Order, at 3).

Defendants assert that the Protective Order infringes on their rights to prepare a defense and impair the ability of defense counsel to discuss defenses with their clients. Moreover, Defendants assert that the Government has unilaterally modified the Protective Order by selectively abiding by its terms, despite being the party that sought the Protective Order. In the May 14, 2018 Order, this Court noted that it was "inclined to agree that the Protective Order needs modification at this time." (May 14, 2018 Order ¶ 17, at 29). As noted in the May 14, 2018 Order, the Government indicated at the hearing that it would be coordinating with defense counsel to propose a modified protective order that met its concerns but also accommodated the concerns of defense counsel, including Defendant Morris's counsel's proposed modification which would allow defense counsel to share the

names, nicknames, and photographs of non-parties with his client. Since the hearing, the parties have not been able to coordinate an agreed-upon approach for the Court's consideration.

Under Rule 16, the Court may, at any time, "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" for good cause. Fed. R. Crim. P. 16(d)(1); *United States v. Lee*, 374 F.3d 637, at 652 (8th Cir. 2004). This Court is highly concerned with the assertions that the Government has violated the Protective Order by selectively adhering to the terms contained therein; assertions the Government has not refuted. Moreover, in originally responding to Defendants' motions, the Government agreed "that some limited modifications to the protective order may be appropriate." (ECF No. 694, at 10; ECF No. 698, at 22). As the Government and Defendants correctly point out, this case is shifting from the pretrial discovery stage to trial preparation. Defendants need to be able to participate more thoroughly in the review of discovery and the formulation of their defense at trial. As it stands, the current Protective Order does not permit "disclosure in a manner sufficient to facilitate preparation of a competent defense." *United States v. Johnson*, 191 F.Supp.3d 363, 373 (M.D. Pa. 2016).

Pursuant to Rule 16(d)(1), this Court finds it prudent to modify the current Protective Order in the manner much as requested by Defendants. *United States v. Wecht*, 484 F.3d 194, 211–12 (3d Cir. 2007) (noting that courts should use the same balancing test in amending protective orders as used when determining whether to grant such orders in the first instance). The Government maintains legitimate concerns related to witness safety as there have been threats made to victims and their families, located within and outside

5

the United States. (Protective Order, at 2). Moreover, there is little need for Defendants to have the detailed personal identifiers found in much of the discovery, particularly where this case involves allegations of persons holding bondage debts over others. (*See* Protective Order, at 1–2). Accordingly, the names, nicknames, and photographs, including the escort-style photographs, of non-party individuals shall no longer be considered "Protected Material" under the Protective Order. The personal identity information which includes dates of birth, social security numbers, driver's license numbers, bank account numbers, home addresses, telephone numbers, visas, passports, and other immigration identifiers, and family identifiers shall remain "Protected Material" subject to the terms of the Protective Order.

2. Defendant Morris's Motion to Disclose and Make Informant Available to Interview, (ECF No. 468), Defendant Unpradit's Motion for the Production of Informants for the Purpose of Conducting Pretrial Interviews, (ECF No. 617), and Defendant Wanless's Motion for Disclosure of the Identity of All Participant-Witnesses, (ECF No. 594), are **GRANTED IN PART and DENIED IN PART** as follows: Defendant Morris seeks "the identity of any information or informants utilized by the government in the investigation" and to make them available for interview. (ECF No. 468, at 1). Defendant Wanless seeks the "identity of all participant informants who are involved in this case" since "any such participants would likely be material witnesses who may have played a material role in the offense . . ." (ECF No. 594, at 1). Defendant Unpradit seeks the "identity of . . . all informants used in the investigation of this case." (ECF No. 617, at 1). Defendant Unpradit

notes that the discovery "reveals the use of several (they are not identified, so their number cannot be verified), confidential informants who directly participated in or observed conduct alleged to constitute the crimes charged in this Indictment." (ECF No. 617, at 1).

As the Court noted in its May 14, 2018 Order, the Government initially opposed these motions by asserting the informant privilege. (May 14, 2018 Order ¶ 16, at 27–28). The Government then requested time to "make certain records related to confidential informants available to the defense" and then further discuss issues related to confidential informants. (ECF No. 711, at 2). As with the Government's request for additional time to resolve the protective order issue, the Court has no indication that the parties have been able to reach an agreement as to the confidential informant issue.

"In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure. The court must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." *United States v. Lapsley*, 334 F.3d 762, 763–64 (8th Cir. 2003) (internal quotations and citations omitted). "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957). There is "no litmus test for determining when disclosure is required," but the "most important factor for a court in this circumstance to consider is whether the CRI's information is material to the defense." *Lapsley*, 334 F.3d at 764. "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense.

7

However, if the informant acts as a mere tipster, i.e., a person who merely conveys information but does not witness or participate in the offense, disclosure is not required." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (quotations and citations omitted). The defendant has the burden of showing materiality, which "requires more than speculation that the evidence an informant may provide will be material to overcome the government's privilege to withhold the identity of the informant." *United States v. Grisham*, 748 F.2d 460, 463–64 (8th Cir. 1984).

Defendants have specifically indicated that the Government has used informants that formed part of the conspiracy for which Defendants are charged. The Government has not rebutted these assertions. Indeed, as Defendant Unpradit points out, the Government has relied on at least one informant who was a "house boss" for the alleged sex trafficking organization. (ECF No. 756, at 2–3). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Carpenter*, 257 F.3d at 779. Moreover, as the Government noted in its post-hearing briefing, it was already providing discovery related to its confidential informants. Accordingly, Defendants have met their burden of showing materiality. Therefore, the Government shall disclose the identity of its confidential informants insofar as those informants were active participants or witness to the offenses charged. To the extent any confidential informants were mere tipsters, such informants need not be disclosed.

Defendants also request that the Government make the confidential informants available for interview. "Although the prosecution and the defense have an equal right to interview witnesses in a criminal proceeding, the defendant's right of access is not violated

when a witness chooses of her own volition not to be interviewed." *United States v. Bittner*, 728 F.2d 1038, 1041 (8th Cir. 1984). The Government "may not without justification interfere with a witness' free choice to speak with a defense attorney." *Id.* Here, the Government is not required to make the confidential informants available for interview should the witness choose not to be interviewed. Accordingly, to the extent Defendants seek a Court order requiring the confidential informants to sit for an interview, it is denied at this time. The Court notes, however, that if the Government "has no intention of using a confidential informant as a witness, 'it owes a duty to make every reasonable effort to have the informant made available to the defendant to interview or use as a witness, if desired.'" *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (quoting *United States v. Barnes*, 486 F.2d 776, 779–80 (8th Cir. 1973)).

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: July 24, 2018                     *s/ Tony N. Leung*
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota

                                                *United States v. Morris, et al.*
                                                Case No. 17-cr-107 (DWF/TNL)