# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-107(1) (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Michael Morris, | |
| Defendant. | |

Laura M. Provinzino and Melinda A. Williams, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

Robert D. Sicoli, Esq., Sicoli Law, Ltd., counsel for Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Michael Morris' Motion for Judgment of Acquittal on Count 2 of the Third Superseding Indictment (Doc. No. 1007). For the reasons set forth below, the Court denies Defendant's motion.

## MEMORANDUM

**I.     Background**

The Third Superseding Indictment in the above-entitled matter charged Defendant Michael Morris ("Morris") with Conspiracy to Commit Sex Trafficking (Count 1), Sex Trafficking by Use of Force, Threats of Force, Fraud, or Coercion (Count 2), Conspiracy to Commit Transportation to Engage in Prostitution (Count 3), Conspiracy to Engage in

Money Laundering (Count 4), and Conspiracy to Use a Communication Facility to Promote Prostitution (Count 5). (*See* Doc. No. 830.) All five counts proceeded to trial by jury. On December 12, 2018, the jury returned its verdict, finding Morris guilty of all counts. (Doc. No. 997.)

## II. Defendant's Motion

Morris now moves, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, for judgment of acquittal on Count 2 of the Third Superseding Indictment. (Doc. No. 1007 ("Memo.") at 1.) Specifically, Morris argues: (1) there was insufficient evidence as a matter of law for a reasonable jury to have convicted him on Count 2, and (2) the government failed to establish venue in the District of Minnesota by a preponderance of the evidence to sustain the conviction. (*Id.*) The Government opposes Morris' motion. (Doc. No. 1017.)

The Court finds that sufficient evidence exists to support the verdict reached by the jury as to Count 2 of the Third Superseding Indictment. The Court also finds that the government properly established venue in the District of Minnesota. Therefore, the Court denies Morris' Rule 29(c) motion for judgment of acquittal.

### A. Sufficiency of the Evidence

Morris maintains that the evidence at trial was insufficient to support a conviction with respect to Count 2 of the Third Superseding Indictment. Count 2 charged that:

> From in or about April 2009 through in or about January 2010, in the State and District of Minnesota and elsewhere, the defendant Michael Morris, a/k/a Bill, aiding and abetting and aided and abetted by others, . . . knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained a person, namely, Victim A, and benefited financially and

2

> by receiving something of value, from participation in a venture which engaged in the previously described acts, and knowing that force, threats of force, fraud, and coercion would be used to cause Victim A to engage in a commercial sex act, and attempted to do so, all in violation of Title 18, United States Code, Sections 191(a), 1591(b)(1), 1594(a), and 2.

(Doc. No. 830 ¶ 22.)

Under Federal Rule of Criminal Procedure 29, a district court must enter a judgment of acquittal if the evidence presented at trial is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a), (c). "The standard for determining whether evidence is insufficient is very strict, requiring acquittal only where there is 'no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt.'" *U.S. v. Munoz*, No. 11B167, 2012 WL 2021143 (D. Minn. July 25, 2012) (citing *U.S. v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999)). The Court makes this determination with very limited latitude. *U.S. v. Thompson*, 285 F.3d 731, 733 (8th Cir. 2002). It does not "weigh the evidence or assess the credibility of the witnesses." *Id.* The Court views the "evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *U.S. v. Lewis*, 895 F.3d 1004, 1008 (8th Cir. 2018) (citation and internal quotations omitted). Reversal is warranted only if "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *U.S. v. Stacks,* 821 F.3d 1038, 1042 (8th Cir. 2016) (citing *U.S. v. Sanchez*, 789 F.3d 827, 834 (8th Cir. 2015)).

Morris argues that the evidence presented at trial, viewed in the light most favorable to the Government, cannot support a verdict of guilty beyond a reasonable doubt as to Count 2. (Memo. at 5.) He contends that the only witness to testify with respect to Count 2 stated that no one forced or coerced her into engaging in commercial sex acts and that she would have come to the United States sooner if she had known that she could make so much money in the commercial sex business. (Memo at 5.) Morris argues further that the witness failed to testify that Morris: (1) was working with "Maya" (a co-defendant who pled guilty); (2) gave the witness any instructions; or (3) profited from the commercial sex acts the witness performed at Maya's house. *Id.*

In addition to the testimony Morris cites, though, the witness also testified that: (1) she was brought to the United States pursuant to a $60,000 debt (Doc. No. 958 ("Transcript") at 22, 24); (2) she owed that debt to "M.," a trafficker in Thailand who also served as a house boss in Minnesota (*id.* at 38-39, 81-82); (3) she remained in debt for 15 months (*id.* at 55); (4) she did not have the ability to turn down sex buyers or to stop engaging in commercial sex until she satisfied her debt (*id.* at 65, 73); (5) M. held her passport (*id.* at 53); (6) M. directed her movement to houses of prostitution across the country, including Minnesota, Illinois, and California (*id.* at 49, 58, 60, 81); (7) M. directed her to Morris' house of prostitution in early 2010 (*id.* at 61-62); (8) more than half of her earnings from the commercial sex acts she performed went to pay down her debt (*id.* at 50); and (9) the remainder of her earnings was kept by house bosses (*id.*).

There were additional witnesses who testified that the trafficking organization threatened violence to the family members of those who attempted to stop engaging in

4

commercial acts before their debt was satisfied, and who described Morris' role in the trafficking organization. This included testimony that women who were under debt to M. were sent to Morris's houses of prostitution where they engaged in commercial sex acts for the benefit of the trafficking organization. The Government also presented evidence that Morris was in direct e-mail contact with M., that he was aware of the debt, and that he knew women had had to "run away" to escape the organization. (Doc. No. 995, Exs. Nos. 8AB, 8AG, 9AE, 202-203, 210-211, 241, 484.)

Viewing this evidence in the light most favorable to the verdict, the Court finds that there was adequate evidence to support the jury's conviction of Morris on Count 2 as charged in the Third Superseding Indictment.

**B. Venue**

Morris argues further that his conviction on Count 2 should be vacated and dismissed because the government failed to establish venue in the District of Minnesota by a preponderance of the evidence. (Memo. at 1.)

"In a criminal case, the question of venue is not merely a legal technicality but a significant matter of public policy." *U.S. v. Lopez*, 880 F.3d 974, 982 (8th Cir. 2018). "Proof of venue is an essential element of the Government's case," but "[u]nlike other elements of a crime . . . , venue need only be proved by a preponderance of the evidence." *Id.* For offenses committed in more than one district, venue is proper "in any district which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

Importantly, improper venue can be waived. *U.S. v. Morrissey*, 895 F.3d 541, 550 (8th Cir. 2018). "[W]aiver is the intentional relinquishment or abandonment of a known

5

right." *U.S. v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation omitted). When a defendant waives objection to improper venue, review is prohibited. *Morrissey*, 895 F.3d at 550.

Here, Morris moved to dismiss Count 2 for improper venue at the close of evidence. The Court denied his motion, concluding that a reasonable jury could determine that there was proof by a preponderance of the evidence that venue was proper in the District of Minnesota. Morris did not present to the jury that venue was improper, nor did he request a jury instruction on the issue. Accordingly, Morris waived any objection to improper venue. *See Morrissey*, 895 F.3d at 550-551. Even if Morris had not waived his objection, the Court renews its prior ruling that the evidence presented at trial was sufficient for the jury to properly find venue in the District of Minnesota.

Morris contends that the evidence admitted at trials shows that his only contact with his alleged victim occurred in California. (*Id.* at 2.) He claims that there was no evidence admitted to show that he had any involvement with the alleged victim traveling to Minnesota, or evidence that he used, or aided and abetted others to use, force, threats of force, fraud, or coercion to make the alleged victim engage in commercial sex acts in Minnesota. (*Id.* at 3.)

In short, Morris argues that venue in Minnesota was improper because any actions which may or may not constitute sex trafficking by force, threats of force, fraud or coercion occurred in California. (Memo. at 3.) Morris acknowledges that in conspiracy cases, venue is proper in any district where any conspirator commits an overt act, but argues that where a substantive offense is charged in a separate count, the Government

6

must prove that the act occurred in the venue where the substantive offense is being prosecuted. *U.S. v. Delgado*, 914 F.2d 1062 (8th Cir. 1990).

In *Delgado*, a defendant was charged with aiding and abetting a principal for drug possession with intent to distribute. *Id.* The Eighth Circuit observed, "For venue to be proper [in this district]. . . the government must show that the principal [ ] had both possession and intent to deliver at a time when [the principal] was in [this district]." *Id.* Because neither the principal nor the drugs had reached the district, the Eighth Circuit held that venue was improper. *Id.* at 1065. Here, though, both the principal and the trafficking reached Minnesota. It is inconsequential that Morris himself did not personally direct his alleged victim to travel to Minnesota. As discussed above, the jury had sufficient evidence to convict Morris of Count 2 as charged in the indictment, specifically aiding and abetting. The evidence admitted also supports that the trafficking occurred in the district of Minnesota. Therefore, the Court concludes that venue in the District of Minnesota is properly supported by a preponderance of the evidence to sustain Morris' conviction.

For the reasons stated, the Court respectfully denies Morris' Motion for Judgment of Acquittal with respect to Count 2 of the Third Superseding Indictment.

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Michael Morris' Motion for Judgment of Acquittal as to Count 2 of the Third Superseding Indictment (Doc. No. [1007]) is **DENIED**.

Dated:  February 20, 2019            <u>s/Donovan W. Frank</u>
　　　　　　　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　　　　　　　United States District Judge