# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-107(01) (DWF/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Michael Morris, | |
| Defendant. | |

Laura M. Provinzino and Melinda A. Williams, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

Robert D. Richman, Esq., counsel for Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Michael Morris' ("Morris") Motion for Release from Custody pending sentencing.[1] (Doc. No. 1776 ("Motion").) The United States of America (the "Government") opposes the Motion. (Doc. No. 1786 ("Govt. Opp.").) For the reasons set forth below, the Court respectfully denies Morris' Motion.

---

[1] Two days after filing his Motion, Morris filed a letter asking the Court to consider *United States v. Dante Stephens*, Cr. No. 15-95 (AJN), 2020 WL 1295155 (S.D.N.Y. Mar. 19, 2020) where a district court judge found that temporary release of a prisoner was appropriate in light of the COVID-19 pandemic's impact on his ability to prepare a defense and because changed circumstances showed that he no longer posed a danger to the community. (Doc. No. 1780). While the Court has considered *Stephens*, it does not impact its analysis.

**BACKGROUND**

The Third Superseding Indictment in the above entitled matter charged Morris with Conspiracy to Commit Sex Trafficking (Count 1), Sex Trafficking by Use of Force, Threats of Force, Fraud, or Coercion (Count 2), Conspiracy to Commit Transportation to Engage in Prostitution (Count 3), Conspiracy to Engage in Money Laundering (Count 4), and Conspiracy to Use a Communication Facility to Promote Prostitution (Count 5). (*See* Doc. No. 830.) All five counts proceeded to trial by jury. On December 12, 2018, the jury returned its verdict, finding Morris guilty of all counts. (Doc. No. 997.) Morris moved for judgment of acquittal on December 21, 2018. (Doc. No. 1007.) The Court denied his motion for judgment of acquittal on February 20, 2019. (Doc. No. 1049.) On August 19, 2019, Morris moved for a new trial based on ineffective assistance. (Doc. No. 1280.) The Court denied his motion for a new trial on December 5, 2019. (Doc. No. 1568.)

Morris has been in custody since May 25, 2017 and is currently awaiting sentencing though no sentencing date has been set. A Presentence Report was filed on March 23, 2020. Morris faces a guideline sentence range of 324 to 405 months with a 15-year mandatory minimum for Count 2. Morris now moves for release pending sentencing. (Motion at 1.)

**DISCUSSION**

Release of a defendant pending sentencing is governed by 18 U.S.C. § 3143. Pursuant to 18 U.S.C. § 3143(2), where a defendant has been found guilty of an offense described in § 3142(f)(1)(A), (B), or (C), the judicial officer "shall order" that person

detained, unless the judicial officer finds: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no sentence of imprisonment may be imposed on the person; and (2) by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or to the community. 18 U.S.C. § 3143(2)(A)(B).

Notwithstanding the mandatory detention provisions of 18 U.S.C. § 3143, the court may still release a defendant pending sentencing pursuant to 18 U.S.C. § 3145(c). "A person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." U.S.C. § 3145(c). In such a circumstance, "[t]he defendant must show by clear and convincing evidence he is not likely to flee or pose a danger to the community and it also must be shown there are exceptional reasons why detention is not appropriate." *United States v. Tobacco*, 150 F. Supp. 3d 1051, 1053 (D.S.D. 2015).

Under this standard, courts typically deny such claims unless they are "clearly out of the ordinary, uncommon, or rare." *See United States v. Schmitt*, 515 F. App'x 646, 647 (8th Cir. 2013) (citations omitted); *see also United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (finding that defendant's treatment for depression and risk of suffering violence were not exceptional reasons to permit defendant to self-surrender after sentencing); *United States v. Rausch*, 746 F. Supp. 2d 1192, 1201–02 (D. Colo.

2010) (exceptional reasons did not exist to warrant release of a defendant with severe medical disabilities who needed a kidney transplant).

Morris has been convicted of an offense described in § 3142(f)(A), (B), or (C) and is therefore subject to the provisions set forth in 18 U.S.C. § 3143(2)(A)(B).[2] Accordingly, in order to be released, he must show that: (1) there is substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no sentence of imprisonment may be imposed; and (2) by clear and convincing evidence, he is not likely to flee or pose a danger to any other person in the community. 18 U.S.C. § 3143(2)(A)(B).

Morris does not address the likelihood that a motion for acquittal or new trial will be granted; however, he contends that he is unlikely to flee and is not a risk to the community. (Motion at 7-9.) In light of the COVID-19 pandemic and citing poor health[3] and increased risk of infection in a prison setting, Morris asks the Court to reconsider his continued detention.[4] (*Id.*) Morris argues that he would be safer at his home in

---

[2] Both Count 1 (Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. §§ 1591(a), 1591(b)(1), and 1594(c)) and Count 2 (Sex Trafficking by Use of Force, Threats of Force, Fraud, and Coercion, in violation of 18 U.S.C. § 1591) are qualifying convictions.

[3] Morris asserts that his is 66 years old and suffers from diabetes, high blood pressure, high cholesterol and triglycerides, kidney stones, back pain, and hearing loss. (Morris Motion at 5.) He further asserts that he underwent surgery for an abdominal aortic aneurysm in 2016. (*Id.*) He contends that both his age and multiple medical problems put him at acute risk of becoming infected with COVID-19 and suffering severe consequences if he does. (*Id.*)

[4] Morris argues that the court's reasoning to detain him in 2017 no longer supports detention because there is no evidence that he has ever acted violently toward anyone.

4

California and that there are available conditions of release that will satisfy the concerns of the bail statute while treating him humanely. (*Id.* at 11-12.)

The Government argues that Morris' motion fails under § 3143 because Morris cannot show a substantial likelihood that a motion acquittal or new trial will be granted when the Government's proof at trial was overwhelming and because the Court has twice rejected motions for acquittal or new trial. (Govt. Opp. at 12-13.) Moreover, the Government contends that Morris effectively confessed his guilt at an evidentiary hearing.[5] (*Id.* at 11-14 (citing Doc. No. 1350 ("Tr.") at 168-71).)

The Government argues further that his motion fails under § 3145(c) because Morris cannot show that the COVID-19 pandemic constitutes an exceptional reason justifying his release and because he remains a risk of flight and danger to the community. (*Id.* at 14-21.)

First, the Government argues that while Morris speaks in generalities about the risk of infection in a prison setting, he cannot point to a single case of COVID-19 in the Sherburne County Jail. (*Id.* at 15-16.) Moreover, the Government contends that the extensive measures the Sherburn County Jail has taken to prevent an outbreak mitigate the risks. (*Id.* at 16 (citing Doc. No. 1787 ("Frank Decl." ¶ 3).) While it acknowledges

---

(Motion at 9-10.) Moreover, he contends that the Government seized all of his guns and money so he poses no threat to the community and lacks the means to flee. (*Id.* at 10.)

[5] The Government also asserts that § 3143 fails because it has not recommended, nor will it, that no sentence of imprisonment be imposed. (Govt. Opp. at 19 n.1. (citing § 1343(2)(A)).) Because § 3143 (A) fails, the Government argues that the Court need not even reach § 1343(2)(B), requiring clear and convincing evidence that the person is not likely to flee or post a danger to the community. (*Id.*)

5

that the COVID-19 pandemic is an exceptional event, the Government argues that Morris "does not provide any cogent 'reason' why this circumstance would justify his release."[6] (*Id.* at 12.) The Government urges this Court to follow recent holdings in the District of Minnesota, rejecting similar requests for release based on the COVID-19 outbreak. (*Id.* at 18 (citing *United States v. Victor Manuel Quijada*, Cr. No. 19-276 (DSD/TNL), 2020 WL 205346 (D. Minn. Mar. 20, 2020) (finding that Quijada did not meet the "exceptional reasons" requirement of § 3145(c)); *United States v. Lussier, Jr.*, Cr. No. 20-13 (WMW/LIB) (D. Minn. Mar. 24, 2020)).)

Even if Morris was able to show exceptional reasons justifying his release, the Government argues that he cannot demonstrate by clear and convincing evidence that he is neither a risk of flight nor a danger to the community. (Govt. Opp. at 19-21.) The Government argues that Morris has previously attempted to evade law enforcement and that he has every resource and incentive not to return to court. (*Id.* 19-21.) To this end, the Government cites Morris' conviction, his unsuccessful post-conviction attempts, a mandatory minimum of 15 years, and Morris' statement that he considered 15 years a life sentence. (*Id.* (citing Tr. at 142 ("I was concerned with about a 15-year mandatory minimum and going to jail for the rest of my life.")).) The Government also alleges that he likely has sufficient resources to flee. (*Id.* at 5.)

---

[6] The Government also asserts that it defies logic to transfer Morris to California which is on effective lockdown due to the pandemic when there are zero cases of the disease in the Sherburne County Jail. (Govt. Opp. at 12.)

Finally, the Government contends that Morris has failed to show that his case is exceptional; that if it were, everyone in the Sherburne County Jail would be filing the same motion and seeking the same relief. (*Id*. at 21.)

The Court understands the gravity of the COVID-19 pandemic and is mindful of the unprecedented circumstances it presents both for society at large and for the prison system. The Court fully understands, appreciates, and has considered Morris' concerns, particularly given his age and poor health. Notwithstanding, the Court does not find that the circumstances warrant a release from custody under either § 1343 or § 3145(c).

Specifically, the Court finds that Morris fails both prongs under § 1343. Given this matter's procedural history, it is unlikely that a motion for acquittal or new trial will be granted; further, the government has not recommended that no sentence of imprisonment be imposed. However, even if Morris met one of those requirements, the Court finds that Morris' Motion still fails under § 1343 because he cannot show by clear and convincing evidence that he lacks the means or motive to flee and poses no threat to the community.

Moreover, the Court finds that Morris' Motion fails under § 3145(c) because the circumstances presented do not present an exceptional reason to permit release. 18 U.S.C. § 3145(c). Again, the Court recognizes Morris' concerns; however, the Court cannot conclude that release is appropriate when Sherburne County Jail has taken appropriate measures to prevent an outbreak.[7] (*See* Frank Decl. ¶ 3.) Currently, there are

---

[7] In his Declaration Brian Frank, the administrator of the Sherburne County Jail, addressed the safety measures being taken at the Sherburne County Jail including placing

zero reported cases of COVID-19 in the jail.[8]  Furthermore, as stated above, the Court finds that Morris cannot show by clear and convincing evidence that he is unlikely to flee or pose a threat to the community.[9]  Therefore, the Court must deny his Motion.  The Court is willing, however, to expedite Morris' sentencing if he so desires.

## CONCLUSION

While the Court recognizes the gravity of COVID-19 pandemic and the special threat it poses to those in communal settings, the Court finds that the circumstances presented here do not warrant release.

---

any new inmate into a 14-day quarantine that is isolated from the general population and is monitored by licensed medical professionals.  (Frank Decl. ¶ 3.)

[8]  While Morris asks the Court to rely on *Stephens*, the Court finds that it has no impact on its analysis.  In *Stephens,* the court found that a jail's preparatory measures to prevent a COVID-19 outbreak impacted Stephens ability to prepare his legal defense. *Stephens*, 2020 WL1295155, at *3.  Here, Morris has already been convicted so the pandemic has no impact on his legal defense.

[9]  Here again, *Stephens* is on point, however, it does not impact the Court's analysis because the circumstances are so different.  In *Stephens*, the defendant offered evidence that a different individual than he possessed the weapon which was a key factor in his initial detention.  *Id.* at 2.  Here, Morris was convicted of sex trafficking of Sex Trafficking by use of force, threats of force, fraud, and coercion, in violation of 18 U.S.C. § 1591.  Despite Morris' objections, the Court found that there was sufficient evidence offered at trial to support this conviction.  (Doc. No. 1049.)  Morris has presented nothing to alter the Court's analysis.  Therefore, the Court cannot conclude that he does not pose a threat to the community or is unlikely to flee.

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Michael Morris' Motion for Release from Custody pending sentencing (Doc. No. [1776]) is respectfully **DENIED**.

Dated: March 26, 2020          s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge