UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

                Plaintiff,

Criminal No. 17-107 (DWF/TNL)

v.

**STIPULATION OF SETTLEMENT REGARDING FORFEITURE OF REAL PROPERTY**

(1) MICHAEL MORRIS,
   a/k/a Bill,

                Defendant,

and,

MYEONGSUK LEE,

                Third-Party Petitioner.

The United States of America, through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, Defendant Michael Morris, and Third-Party Petitioner Myeongsuk Lee ("Petitioner" or "Lee"), through her attorney, Robert Richman, agree to the following stipulation with respect to the forfeiture of the real property and premises located at 35655 Capitola Court, Wildomar, California, legally described as:

> LOT 11 OF TRACT NO. 31479, IN THE CITY OF WILDOMAR, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 437, PAGE 95 THROUGH 99 INCLUSIVE OF MAPS, RECORDS OF SAID COUNTY. ("the Real Property").

Through this Stipulation, the parties are resolving the United States' Motion for Preliminary Order of Forfeiture as it pertains to the Real Property and resolving the ownership interest of Myeongsuk Lee.

*United States v. Michael Morris, et al*
Criminal No. 17-107 (DWF/TNL)
Stipulation of Settlement Regarding Forfeiture of Real Property

1. On December 12, 2018, a jury convicted Morris of Conspiracy to Commit Sex Trafficking by Use of Force, Fraud, and Coercion in violation of 18 U.S.C. §§ 1591(a) and (b)(1), and 1594(c) (Count 1); Sex Trafficking by Use of Force, Fraud, and Coercion in Violation of 18 U.S.C. § 1594 (Count 2); Conspiracy to Commit Transportation to Engage in Prostitution in violation of 18 U.S.C. §§ 371 and 2421 (Count 3); Conspiracy to Engage in Money Laundering in violation of 18 U.S.C. § 1956(h) (Count 4); and Conspiracy to Use a Communication Facility to Promote Prostitution in violation of 18 U.S.C. §§ 371 and 1952 (Count 5). (Dkt. No. 830.)

2. On April 22, 2020, the United States filed a Motion for Preliminary Order of Forfeiture against Morris. Through the motion, the United States sought, among other things, forfeiture of the Real Property.

3. On July 1, 2020, Morris filed his opposition to the United States' Motion for Preliminary Order of Forfeiture. On August 24, 2020, the United States and Morris entered into a Stipulation Regarding Forfeiture, through which the parties agreed, among other things, that the District Court could enter a general order of forfeiture that could be amended after Morris's sentencing to address the forfeiture of the Real Property. (Dkt. 1945.)

4. The District Court approved the Stipulation Regarding Forfeiture and issued a Preliminary Order of Forfeiture that, among other things, included a general order of forfeiture that could be amended to address the Real Property after Morris's sentencing. (Dkt. 1946, 1952.)

*United States v. Michael Morris, et al*
Criminal No. 17-107 (DWF/TNL)
Stipulation of Settlement Regarding Forfeiture of Real Property

    5.    The parties have continued to engage in settlement negotiations though which they have agreed to the following resolution of the United States' motion with respect to the forfeiture of the Real Property. Through this Stipulation, the parties agree that the United States will forfeit Defendant Morris's entire interest in the Real Property, and that the District Court may enter a Preliminary Order of Forfeiture through which Morris's interest in the Real Property is forfeited to the United States.

    6.    The parties further agree that Lee has an ownership interest in the Real Property. The United States and Lee agree to the following compromise with respect to Lee's ownership interest in the Real Property and of Lee's forthcoming Petition asserting an interest in the Real Property: as is set forth below, the United States shall be entitled to 50% of the Net Proceeds (as the term is defined below) of the Sale of the Real Property, and Lee shall be entitled to 50% of the Net Proceeds of the sale of the Real Property, which shall be sold in the manner set forth below.

NOW THEREFORE, the United States and the Petitioner hereby stipulate and agree as follows:

    1.    The United States and Lee agree that, following entry of the an Amended Preliminary Order of Forfeiture based on this Stipulation, the United States shall send a Notice of Forfeiture to Lee, through her undersigned attorney, and that Lee shall file a Petition asserting her ownership interest in the Real Property.

*United States v. Michael Morris, et al*
Criminal No. 17-107 (DWF/TNL)
Stipulation of Settlement Regarding Forfeiture of Real Property

2. After receiving the above-described Notice of Forfeiture, Lee shall place the Real Property on the market for sale. The Real Property shall be sold pursuant to the following terms:

   a. The Petitioner shall promptly hire a real estate agent licensed in the State of California to sell the Real Property in a commercially reasonable manner, by among other things, listing the Real Property for sale on the Multiple Listing Service;

   b. The purchase price for the Real Property will be a cash price;

   c. The net proceeds from the sale of the Real Property will include all money realized from the sale of the Real Property, less the following:

      i. Real estate commissions, if any;

      ii. The amounts due to the holder of any other valid lien which was recorded prior to the time that the plaintiff's Notice of Lis Pendens was recorded in connection with this case, if any;

      iii. Real estate property taxes which are due and owing at the time the Real Property is sold;

      iv. Insurance costs for the Real Property incurred after the date upon which this Stipulation is executed, if any; and

      v. Other reasonable and customary expenses associated with the sale, if any, including such expenses as escrow fees, document recording fees and title fees.

*United States v. Michael Morris, et al*
Criminal No. 17-107 (DWF/TNL)
Stipulation of Settlement Regarding Forfeiture of Real Property

3.  The sale of the Real Property shall be subject to the approval of the United States and Petitioner Lee. The hiring of a real estate agent by the Petitioner shall also be subject to the approval of the United States. Neither party shall unreasonably withhold such approval.

4.  Petitioner agrees that she will cooperate and assist with the listing and sale of the Real Property. This cooperation will include, in addition to the hiring of a real estate agent as is set forth above: (1) allowing representatives and contractors of the United States Department of Homeland Security, Homeland Security Investigations full access to the Real Property for the purpose of conducting an appraisal and inspections of the Real Property, including inspections to verify that it is being maintained in good condition for sale; (2) allowing prospective buyers to enter and inspect the Real Property on one or more occasions for the purpose of determining whether to make an offer to purchase the Real Property; and (3) maintaining the Real Property in good condition pending completion of a sale of the Real Property.

5.  In furtherance of the sale of the Real Property, all parties to this motion agree to promptly execute any documents required to complete its sale. The United States will execute a Discharge of Notice of *Lis Pendens* at the closing upon receipt of its portion of the net proceeds of the sale. Petitioner and Morris agree to cooperate with the sale by, among other things, executing a deed and other closing paperwork necessary to complete the sale of the Real Property. If it becomes necessary for the parties to obtain an order from the District Court authorizing the interlocutory sale of the Real Property, the parties agree to cooperate to

*United States v. Michael Morris, et al*
Criminal No. 17-107 (DWF/TNL)
Stipulation of Settlement Regarding Forfeiture of Real Property

obtain such an order. All parties to this stipulation further agree to cooperate as may be necessary to effectuate the sale of the Real Property.

6.  The parties to this Stipulation acknowledge that the United States must comply with the noticing and publication requirements with respect to third parties who may have an interest in the Real Property, as are set forth in 21 U.S.C. § 853(n)(1). The parties acknowledge that if a third-party petition is filed by anyone other than Lee, the sale of the Real Property may need to be delayed as a result, and any funds necessary to resolve that third-party petition may be deemed an expense that is withheld from the gross proceeds of the sale of the property before the amount of the Net Proceeds is determined, and such funds would be held in escrow by the United States until any such petition is resolved.

7.  The parties to this Stipulation agree that, in connection with a sale of the Real Property as described in this Stipulation, title shall be conveyed to a purchaser free and clear of any claim to it from any of them, and that the net proceeds of the sale of the Real Property shall serve as substitute *res* for the Real Property.

8.  Defendant Morris agrees that, upon the sale of the Real Property, 50% of the Net Proceeds of the sale of the Real Property may be paid over to Petitioner Lee free and clear of any claims by him to those funds. To the extent the United States may otherwise be required to wait until the conclusion of all appeals to pay such funds over to Petitioner Lee, Morris hereby waives any such requirement.

9.  The parties further agree to settle their respective claims to the Real Property, and to the substitute *res* for the Real Property, by dividing the net proceeds from the sale of

*United States v. Michael Morris, et al*
Criminal No. 17-107 (DWF/TNL)
Stipulation of Settlement Regarding Forfeiture of Real Property

the Real Property, after the expenses described above are paid and/or reimbursed, as follows: 50% of the net proceeds shall be paid to the United States in the manner it directs, and 50% of the net proceeds shall be paid to the Petitioner in the manner she directs. The Petitioner and Defendant Morris agree that the United States may forfeit 50% of the net proceeds of the sale of the Real Property, and the United States agrees that 50% of the net proceeds of the sale of the Real Property may be paid over to the Petitioner.

10. The payment and other consideration described above shall be in full settlement and satisfaction of any and all claims the Petitioner may have to the Real Property. The Petitioner understands and agrees that by entering into this settlement she waives any rights she may have to litigate her interest in the Real Property.

11. The Petitioner agrees to release the United States, and any agents, servants, and employees of the United States, and any involved state or local law enforcement agencies and their servants and employees, in their individual and official capacities, from any and all claims that exist or that may arise as a result of the forfeiture of the Real Property or any portion of the net proceeds of the sale of the Real Property.

12. The parties agree to execute further documents as necessary to implement the terms of this settlement.

13. Each party agrees to bear its own costs and attorney's fees.

14. The parties agree that the District Court may retain jurisdiction to resolve any disputes arising from the Stipulation of Settlement.

15. The signature pages of this stipulation may be executed in one or more

*United States v. Michael Morris, et al*
Criminal No. 17-107 (DWF/TNL)
Stipulation of Settlement Regarding Forfeiture of Real Property

counterparts, each of which will be deemed an original but all of which together will constitute

one and the same instrument.

Dated: 9-15-2020                               ERICA H. MacDONALD
                                               United States Attorney

                                               *s/Craig Baune*
                                               By: CRAIG R. BAUNE
                                               Assistant U.S. Attorney
                                               Attorney ID No. 331727
                                               600 U.S. Courthouse
                                               300 South Fourth Street
                                               Minneapolis, MN  55415
                                               (612) 664-5600

Dated: 9-15-2020                               *s/Robert Richman*
                                               BY: ROBERT D. RICHMAN
                                               Attorney Reg. No. 226142
                                               PO Box 16643
                                               St. Louis Park, MN 55416
                                               Phone: (651) 278-4987

                                               Attorney for Michael Morris
                                               and Myeongsuk Lee, and on
                                               behalf of Myeongsuk Lee

Dated: 9-15-2020                               *s/Michael Morris*
                                               Michael Morris
                                               Defendant

8