## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-107(1) (DWF/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Michael Morris, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Michael Morris's motion to revoke sentence modification. (Doc. No. 2330.) The United States of America (the "Government") opposes Morris's motion. (Doc. No. 2349.) For the reasons discussed below, the Court respectfully denies the motion.

## BACKGROUND

Morris was convicted of conspiracy to commit sex trafficking, sex trafficking by use of force, threats of force, fraud, and coercion, conspiracy to commit transportation to engage in prostitution, conspiracy to engage in money laundering, and conspiracy to use a communication facility to promote prostitution. (Doc. No. 997.) The Court sentenced Morris to 208 months in prison and 5 years of supervised release. (Doc. No. 1960.) The Court additionally ordered $750,000.00 in restitution to identified victims, joint and several with codefendants. (*Id.*)

The Court later issued an order clarifying its restitution order.  (Doc. No. 2295.)  The Court noted that under the hybrid approach to restitution, the Court can combine the apportionment of liability approach while concurrently making all the defendants jointly and severally liable, which was done in this case.  (*Id.* at 3.)  Under this hybrid approach, "'each defendant's liability ends when the victim is made whole,' or when the defendant has personally paid 'as much as the court ordered as to that defendant.'"  (*Id.* (quoting *United States v. Sheets*, 814 F.3d 256, 261 (5th Cir. 2016)).)  The hybrid method "ensures that each defendant's remaining payments continue to contribute to the victim's total recovery while limiting each defendant's liability to the harm they actually caused."  (*Id.*)  The Court concluded that the hybrid approach is compatible with the Mandatory Victims Restitution Act ("MVRA") and clarified that "[t]he government may continue to collect from a defendant with joint and several liability until either (1) that defendant has personally paid the amount imposed upon him or her, or (2) the victims have been made whole."  (*Id.* at 4.)

Morris now moves to revoke this order, arguing that the Court improperly modified the original restitution order.  (Doc. No. 2330.)  The Government opposes the motion.  (Doc. No. 2349.)

## DISCUSSION

"A sentence that imposes an order of restitution is a final judgment."  18 US.C. § 3664(o).  This Court cannot alter a final judgment "unless a statute provides otherwise."  *United States v. Jumping Eagle*, No. 00-cr-50006, 2013 WL 587481, at *1 (D.S.D. Feb. 14, 2013) (citing *United States v. Regan*, 503 F.2d 234, 236 (8th Cir. 1974)).  An

2

order for restitution may be amended in limited circumstances pursuant to 18 U.S.C. § 3664(o)(1)-(2).

Despite being represented by counsel at the time the motion was filed, Morris has failed to explain under which statute he brings this motion. *Dyab v. United States*, 855 F.3d 919, 922 (8th Cir. 2017) (affirming the district court's denial of the defendant's § 2255 challenge to a restitution order because the defendant failed to provide an adequate statutory basis for his requested relief).

A defendant may move to amend his sentencing judgment to change the amount of restitution if the court receives notice of a material change in the defendant's economic circumstances. *See* 18 U.S.C. § 3664(k). Morris is not arguing that his economic circumstances have changed. Additionally, a court may correct a sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure if the sentence "resulted from arithmetical, technical, or other clear error," but the correction must be made "[w]ithin 14 days after sentencing." Without a statutory basis for Morris's request for relief, the Court must deny his motion.

Even if Morris had provided a statutory basis for his motion, the Court's decision would be the same. The Court issued an order in February 2023, clarifying the disbursement of funds. This order did not change Morris's restitution obligation. The initial restitution obligation utilized the hybrid approach. This means that Morris remains liable for payment until either the victims have been made whole or until he has personally paid the amount imposed on him, which is $750,000.00.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Michael Morris's motion to revoke sentence modification (Doc. No. [2330]) is respectfully **DENIED**.

Dated: December 4, 2023					s/Donovan W. Frank
							DONOVAN W. FRANK
							United States District Judge