## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-107(1) (DWF/TNL) |
| | Civil No. 23-2173 (DWF) |
| Respondent-Plaintiff, | |
| v. | MEMORANDUM |
| | OPINION AND ORDER |
| Michael Morris, | |
| Petitioner-Defendant. | |

### INTRODUCTION

This matter is before the Court on Defendant Michael Morris's *pro se* motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. No. 2331) and motion to appoint counsel (Doc. No. 2366). The United States of America (the "Government") opposes Morris's § 2255 motion. (Doc. No. 2350.) For the reasons discussed below, the Court respectfully denies both motions.

### BACKGROUND

Morris was indicted for conspiracy to commit sex trafficking, sex trafficking by use of force, threats of force, fraud, and coercion, conspiracy to commit transportation to engage in prostitution, conspiracy to engage in money laundering, and conspiracy to use a communication facility to promote prostitution. (Doc. No. 830.) Numerous other defendants were similarly prosecuted for their participation in the large sex-trafficking conspiracy. Following trial, a jury found Morris guilty of all five counts. (Doc.

No. 997.) The Court sentenced Morris to 208 months in prison and 5 years of supervised release. (Doc. No. 1960.) The Court additionally ordered $750,000 in restitution. (*Id.*)

Morris appealed his conviction, challenging the sufficiency of the evidence to support his conviction and further arguing that the District of Minnesota was an improper venue. *United States v. Unpradit*, 35 F.4th 615, 626-27 (8th Cir. 2022). The Eighth Circuit affirmed the conviction. *Id.* at 627-28. Morris sought a rehearing *en banc*, which was denied. *United States v. Morris*, 2022 WL 2921319 (8th Cir. Jul. 26, 2022).

Morris now brings a motion under § 2255, arguing that his sentence should be vacated, set aside, or corrected.[1] (Doc. No. 2331.) The Government opposes the motion. (Doc. No. 2350.)

## DISCUSSION

### I.     Section 2255 Legal Standard

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he has the right to be released because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

---

[1] Before the Government submitted a response to Morris's motion, Morris submitted an additional file with nearly 300 pages of "exhibits." (Doc. No. 2344.) The filing is procedurally improper, hard to follow, and unreasonably lengthy. For these reasons, the Court will not consider the filing. But even if the Court had considered it, the Court's decision would remain the same.

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

It must be kept in mind that a § 2255 request for relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

## II.   Claims Raised on Appeal

Morris offers fifteen grounds for relief. Several of these claims were addressed on appeal. Morris challenges the sufficiency of the evidence to support his conviction. He asserts that he did not take part in a conspiracy and merely tried to provide a "safe place" for the women to work. (Doc. No. 2331-1 at 15.) He also argues that 18 U.S.C. § 1591(a) was the "wrong charge" for his conduct and asserts that the statute is instead reserved for more severe forms of trafficking. (*Id.* at 7.)

Each of these arguments were addressed on appeal. The Eighth Circuit concluded that "the record adequately supports the jury's finding that Morris committed the substantive offense under § 1591(a)." *Unpradit*, 35 F.4th at 627. "With rare exceptions[2], § 2255 may not be used to relitigate matters decided on direct appeal." *Sun Bear v.*

---

[2]   One exception to the principle arises when the defendant "produce[s] convincing new evidence of actual innocence." *Barajas v. United States*, 151 F. Supp. 3d 952, 955 (N.D. Iowa 2016), *aff'd*, 877 F.3d 378 (8th Cir. 2017) (internal quotations and citation omitted). That exception does not apply here.

3

*United States*, 644 F.3d 700, 702 (8th Cir. 2011). Because these issues have been raised and decided on appeal, the Court will not reconsider them here.

### III.   Ineffective Assistance of Counsel

Morris next claims that his trial and appellate counsel failed to investigate and "present favorable new evidence." (Doc. No. 2331-1 at 3.) He further asserts that his appellate counsel failed to review evidence that "would exonerate" him. (*Id.* at 12.) Finally, he asserts that his trial counsel improperly waived the venue issue and failed to poll the jury after an article was published about the case.

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions. U.S. Const. amend. VI. To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden." *Apfel*, 97 F.3d at 1076. To overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The defendant must show that the errors were not the result of "reasonable professional judgment." *Id.* at 690. There is a strong presumption "that counsel . . . rendered adequate assistance." *Id.* Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id.* at 694. A defendant must prove with "a probability sufficient to undermine confidence in the outcome" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

4

"If the defendant cannot prove prejudice, [the court] need not address whether counsel's performance was deficient." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). Although Morris argues that his counsel failed to investigate new evidence that would have been favorable for his trial and appeal, he fails to explain what evidence specifically his counsel missed and how this evidence would have impacted the trial or appeal. And while Morris argues that jurors must have read an article published about the case, such argument is mere speculation. Additionally, while Morris asserts that his trial counsel should not have waived the venue issue, the Eighth Circuit held that even if "Morris adequately preserved the venue question for appellate review, we conclude that there was sufficient evidence to support a finding that venue was proper in the District of Minnesota." *Unpradit*, 35 F.4th at 627. Because Morris has failed to establish prejudice, the Court need not address whether the conduct was deficient.

**IV.    Remaining Challenges**

Morris also asserts various conduct that he alleges constitutes prosecutorial misconduct. He argues that during the trial the prosecutor allowed the victims to give false testimony. Morris also argues that the victims and the prosecutors gave false testimony to the Grand Jury. And he asserts that the Government did not disclose evidence in a timely manner. All of these claims could have been raised on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). Morris has not put

5

forth sufficient evidence to support the conclusion that he is actually innocent. Nor has he provided the Court with an explanation as to why he was impeded from raising the issue on direct appeal. The Court therefore concludes that Morris is barred from raising these prosecutorial misconduct claims here.

Next, Morris asserts that § 1591 is unconstitutionally void for vagueness. He argues that certain words within the statute "have a different meaning then [sic] what I was taught or what I've looked up." (Doc. No. 2331-1 at 6.) This argument could have been brought on direct appeal and is therefore barred. *See Bousley*, 523 U.S. at 622. As noted above, Morris has failed to demonstrate cause for the default and prejudice or actual innocence. Even if the issue was not barred, Morris's argument that he misunderstood the statute does not support the conclusion that the statute is unconstitutionally vague.

Finally, Morris argues that the Court made a number of errors. Specifically, he asserts that the Court allowed "[too] much indiscretion with the expert [and] witnesses hearsay," and he challenges the restitution imposed by the Court. (Doc. No. 2331-1 at 14, 16.) These issues could have been brought on direct appeal and are therefore barred. *See Bousley*, 523 U.S. at 622. Moreover, a defendant cannot challenge restitution under § 2255. *Dyab v. United States*, 855 F.3d 919, 922 (8th Cir. 2017) (holding that an order for restitution "is not cognizable under § 2255").

Overall, Morris has failed to provide a basis for relief under § 2255, and his motion is therefore denied.

## V. Motion to Appoint Counsel

Morris also requests that the Court appoint him counsel. (Doc. No. 2366.) A defendant filing a motion under § 2255 "is not entitled, as a matter of constitutional right, to have court-appointed counsel in the preparation and presentation of such a motion in the District Court or the Court of Appeals." *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964). Rather, the Court may, in its discretion, appoint counsel if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g). Because Morris's claims are without merit, the Court denies Morris's request for counsel.

## VI. No Evidentiary Hearing Required

There is no reason for the Court to further explore any credibility issues with respect to Morris's claims. A § 2255 motion can be dismissed without a hearing if: (1) the defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). All of Morris's allegations are either contradicted by the record, inherently incredible, conclusions, or, even if accepted as true, would not entitle him to relief.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has

considered whether issuance of a COA is appropriate and concludes that no issue is raised "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). Moreover, Morris has not made a substantial showing of the denial of a constitutional right. Thus, the Court will not issue a COA.

## CONCLUSION

For the reasons set forth above, the Court denies Morris's motions to vacate the judgment and to appoint counsel.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Morris's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [2331]) is respectfully **DENIED**.

2. Petitioner-Defendant Morris's *pro se* motion to appoint counsel (Doc. No. [2366]) is respectfully **DENIED**.

3. No evidentiary hearing is required in this matter.

4. No Certificate of Appealability will be issued to Petitioner-Defendant Morris.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 5, 2023          s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge